Andrew Rundquist (CA Bar. No. 262523)
Law Office of Andrew P Rundquist
501 W Broadway Suite A144
San Diego, CA 92101
Tel: (619)992-9148
Email: andrew@rundquistlaw.com

Attorney for Plaintiff
Mohammad Ali Hedayati

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MOHAMMAD ALI HEDAYATI,<br><br>Plaintiff(s),<br><br>v.<br><br>THE JUDGE LAW FIRM, APC; and DOES 1-50, Inclusive,<br><br>Defendant(s). | Case No.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, *et. seq.*)<br><br>JURY TRIAL DEMANDED |
|---|---|

NOW COMES plaintiff MOHAMMAD ALI HEDAYATI, by and through his attorney, The Law Office of Andrew P. Rundquist, in his claim for damages against defendant(s) THE JUDGE LAW FIRM, APC; and DOES 1-50, Inclusive. Upon information and belief, Plaintiff alleges as follows:

**I. INTRODUCTION**

1. -Plaintiff incurred a debt to his HOA in the amount of $855.83.

**TORK**

1  -Defendant manages to incur $9,227.50 in attorney fees to collect an $855.83 overdue HOA assessment.

2  -Defendant manages to incur $3,770.77 in collection costs to collect an $855.83 overdue HOA assessment.

3  -Defendant persists in wrongfully maintaining its levy upon Plaintiff's safe-deposit boxes.  Plaintiff has satisfied the judgment and prior to Plaintiff filing the instant action, Defendant received notice execution liens remained in-effect barring Plaintiff from access to his safe-deposit boxes.

2. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, that was enacted by the United States Congress after it found abundant evidence of the use of abusive, deceptive and unfair collections practices by many debt collectors contributing to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.  Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II. JURISDICTION

3. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

TORK

4.       This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.* While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

### III. VENUE

5.       Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. PARTIES

6.       Plaintiff MOHAMMAD ALI HEDAYATI is a natural person residing in Orange County, California. At all relevant times, Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

7.       Defendant THE JUDGE LAW FIRM, APC ("JUDGE LAW") is a corporation organized under the laws of the state of California and its principal place of business is located at 18881 Von Karman Ste. 1500, Irvine, Orange County, California 92612. JUDGE LAW may be served as follows: The Judge Law Firm, APC, c/o Felip Hermosillo, the registered agent for service of process, 18881 Von Karman Ste. 1500, Irvine, Orange County, California 92612. The principal business of JUDGE LAW is the collection of defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce and JUDGE LAW regularly attempts to collect, both directly and indirectly, consumer debt asserted to be due another. JUDGE LAW'S website confirms that collection of consumer debts for its clients is one of the primary focuses of its business, stating: "The Judge Law Firm has developed a streamlined approach to recovering

delinquent assessments for homeowners associations.  Our firm uses one of three available options to collect the delinquent assessments: non-judicial foreclosure; judicial foreclosure; and a civil suit.  Each collection method has its own advantages and disadvantages and we will tailor our collection methods based on the amount of the delinquent assessment and status of the homeowner's mortgage and to meet the homeowners association's needs." (http://www.thejudgefirm.com/judgelaw-collections/). JUDGE LAW is thus a "debt collector" per 15 U.S.C. § 1692a(6).

8.     Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state.  The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it.  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of JUDGE LAW.

9.     At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

**TORK**

10. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V. FACTUAL ALLEGATIONS

**A.     The Obligation is a consumer debt.**

11. From July 1, 2009 through November 1, 2009, the SAN JOAQUIN HILLS COMMUNITY ASSOCIATION ("HOA") charged Plaintiff monthly membership assessments and other assessments that totaled approximately $855.83 and that were related to a private residence located in The HOA'S Common Interest Development. These homeowner's dues were primarily for Plaintiff's personal, family and household purposes, and thus constitute a debt per 15 U.S.C. § 1692a(5). These homeowner's dues were assessed for services The HOA rendered in maintaining and improving the private residence and the common areas around the private residence. The HOA'S services were for the benefit of the private residence and Plaintiff insofar as the services maintained and improved the aesthetic and infrastructure of the Common Interest Development, and thus maintained and improved the value of the private residence.

12. JUDGE LAW recovered a default judgment against Plaintiff on behalf of the HOA on March 18, 2011 in the Orange County Superior Court under Case Number 30-2010-00364981-CL-BC-CJC.

**B.  Judge Law blindly levies Plaintiff's property and persists in barring Plaintiff access to his safe-deposit boxes, despite satisfying the judgment and having prior notice the execution liens continue to bar Plaintiff access to his safe-deposit boxes.**

   i.  <u>Defendant blindly levies Plaintiff's property</u>.

13.  Per California Code of Civil Procedure 697.710, "Levy on property under writ of execution creates execution lien on that property." CCP 699.510(a) provides "(a)…, after entry of a money judgment, a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor, and shall be delivered to the levying officer in the county where the levy is to be made and to any registered process server…"  Lastly, CCP 699.080(a), the levy under a writ of execution on certain types of property, including real property, deposit accounts, property in safe deposit boxes, and accounts receivable…

14.  On April 7th, 2014, JUDGE LAW secured a writ of execution from the Orange County Superior Court under Case Number 30-2010-00364981-CL-BC-CJC and forwarded that writ, along with other relevant documents, to the levying officer (s), for service of execution lien upon whatever property interest Plaintiff had in the garnishee(s).   Per Defendant's instruction, the execution lien was to attach to Plaintiff's property described as "LEVY ON ANY AND ALL ACCOUNTS IN THE JUDGMENT DEBTOR'S NAME".

15.  On February 2, 2015, JUDGE LAW secured a writ of execution from the state court and forwarded that writ, along with relevant documents, to the levying officer (s), for service of execution lien upon whatever property interest Plaintiff had in the garnishee(s).   Per Defendant's instruction, the execution lien was to attach to Plaintiff's property described as "LEVY ON ANY AND ALL

**TORK**

ACCOUNTS IN THE NAME OF THE JUDGMENT DEBTOR INCLUDING SS# --------- FOR MOHAMMAD ALI HEDAYATI SS# --------- AND SAGHI DORMANESH SS# ---------.

    ii.    <u>Judgment is satisfied in August 2015</u>.

16. On August 5, 2015, JUDGE LAW'S judgment against Plaintiff was fully paid and satisfied when property owned by Plaintiff was sold in Orange County where JUDGE LAW had filed an abstract of judgment. At that time, the escrow agent California Title Company, paid JUDGE LAW $13,227.89 for what JUDGE LAW alleged amounted to full satisfaction of the judgment.

17. The demand JUDGE LAW provided to the escrow agent, itemized in part Plaintiff incurred a debt to his HOA in the amount of $855.83 and while Defendant collected the overdue HOA assessment, it managed to incur $9,227.50 in attorney fees and incur $3,770.77 in collection costs.

18. On August 13, 2015, the Sheriff returned the March 4, 2015 writ of execution to JUDGE LAW and to the state court noting the writ had been partially satisfied and that $7,055.16 was still owed.

19. On September 10, 2015, JUDGE LAW filed a full satisfaction of judgment with the state court.

TORK

      iii.    <u>Despite Defendant possessing notice the execution liens remain intact, Defendant remains recalcitrant in failing to release the execution liens</u>.

20.    After the judgment was satisfied and prior to Plaintiff filing the herein complaint, JUDGE LAW had notice the execution liens remained in-tact specifically barring Plaintiff from access to his safe-deposit boxes. Whatever remedial and corrective actions, if any, undertaken by Defendant to ensure the release of the execution liens encumbering Plaintiff's safe-deposit boxes, were and remain woefully deficient. Despite Defendant's receipt of notice prior to Plaintiff filing herein complaint, Defendant has ignored Plaintiff's pleas and has not assisted Plaintiff in releasing the execution liens barring Plaintiff's access to his safe-deposit boxes.

      iv.    <u>Defendant's execution liens remain intact barring Plaintiff's to access his safety-deposit boxes</u>.

21.    Because of JUDGE LAW'S wrongful conduct, Plaintiff remains barred from accessing his safe-deposit boxes. Plaintiff's safe-deposit boxes contain, among other things, important personal documents, jewelry and cash to which Plaintiff desperately needs access. Plaintiff has incurred actual damages as a result of being denied access to those items. Plaintiff has additionally incurred emotional distress, anxiety and embarrassment due to JUDGE LAW's failure to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-deposit boxes.

- 8 -    *Case# 8:16-cv-*
Complaint

## VI. FIRST CAUSE OF ACTION:
## VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

22. Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.

23. Plaintiff incorporates the preceding paragraphs commencing with paragraph 3 in this Complaint.

24. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

26. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant's practices violate 15 U.S.C. § 1692d because the natural consequence of failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-deposit boxes, is to harass and abuse Plaintiff.

    b. Defendant's practices violate 15 U.S.C. § 1692e because failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-

deposit boxes is a false, deceptive, or misleading representation or means with the collection of any debt.

c. Defendant's practices violate 15 U.S.C. § 1692e(2)(A) because failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-deposit boxes is a false representation of the character, amount, or legal status of any debt.

d. Defendant's practices violate 15 U.S.C. § 1692e(4) because failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-deposit boxes, is the unlawful representation or implication nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment or sale of any property of any person.

e. Defendant's practices violate 15 U.S.C. § 1692e(5) because failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-deposit boxes, is the threat to take any action that cannot legally be taken or that is not intended to be taken.

f. Defendant's practices violate 15 U.S.C. § 1692e(10) because failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the

        execution liens continue to bar Plaintiff from accessing his safe-deposit boxes, is the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    g.    Defendant's practices violate 15 U.S.C. § 1692f because failing to release the execution liens encumbering Plaintiff's safe-deposit boxes, despite the judgment being satisfied and having prior notice the execution liens continue to bar Plaintiff from accessing his safe-deposit boxes, is an unfair and unconscionable means to collect or attempt to collect any debt.

28. Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay his debt.

29. Because of Defendant's violations of the FDPCA, Plaintiff has been caused to suffer mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

30. Because of Defendant's violations of the FDPCA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f ;

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

e) Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief deemed proper and just.

Date: April 19th, 2017           Respectfully submitted,

**The Law Office of Andrew P Rundquist**

By: /s/ Andrew Rundquist

Andrew Rundquist (CA Bar. No. 262523)
Law Office of Andrew P Rundquist
501 W Broadway Suite A144
San Diego, CA 92101
Tel: (619)992-9148

ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MOHAMMAD ALI HEDAYATI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Andrew Rundquist
Andrew Rundquist

TORK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**TORK**